The. opinion of the Court was delivered by
Fenner, J.
In this suit, commenced by executory process, for the enforcement of a mortgage note, the administrator of Maliier enjoined, the sale of the mortgaged property on the ground, chiefly, that the note, was prescribed.
The note matured on the 1st of October, 1874, and was therefore, prescribed on 1st of October, 1879, unless the current of prescription was interrupted by acknowledgment, which, as against the deceased, debtor, can only he proved by “ written evidence signed by the party, or by Ms specially authorized agent or attorney in fact.” ' C. C. 2278.
*321 As the judicial demand was made on August 18th, 1881, the interruption, to" he effective, must have occurred within five years'prior to that date, to wit: after August 18th, 1876.
This Court has held, in the cases of Succession of Kugler, 23 A. 455, and Tilden vs. Succession of Morrison, 33 A. 1067, that when a letter was produced, signed by the deceased debtor, acknowledging a debt, parol testimony could be received to show that there was no other debt between tbe parties than the one sued on, and, hence, that the acknowledgment must have referred to it. This is a very liberal construction of tbe C. C. Art. 2278, and we are not disposed to extend it one whit further than we have already gone.
Sundry letters written and signed by tbe deceased, Mahier, are produced, referring to some old debt, but none, within tbe prescriptive period, which mention the mortgage note. In one letter dated September, 6th, 1876, he says: “ I have received, yesterday, your statement, showing my indebtedness to you to be $3,468.52, which I find correct.” Witnesses testify, that tbe mortgage note was included in that statement, but tlie statement itself is not produced, and tbe terms of its inclusion are not given.
The whole testimony satisfies us that tbe transactions between Mahier and' plaintiffs were carried on in open account, extending over a series of years, and varying in the balances shown, and that the mortgage note was really held as a continuing collateral security for this account.
The acknowledgments deducible from the letters may, and probably do,, refer to the debt thus due in open account, and do not operate as an acknowledgment of the note itself, sufficient to interrupt prescription thereon.
It is sufficient to say, that this matter is left in doubt.
Judgment affirmed at appellants’ cost.